## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVIS B. BEATTY and JOY BEATTY, Husband and Wife<br><br>Plaintiffs<br><br>vs.<br><br>PEAR K. SMITH, BEVERLY COLL and JOHN DOE, a fictitious name,<br><br>Defendants. | Civil Action No. 23-CV-<br><br>**COMPLAINT, JURY DEMAND and DESIGNATION OF TRIAL COUNSEL** |

Plaintiffs, TRAVIS B. BEATTY and JOY BEATTY, Husband and Wife, by way of this Complaint, allege:

### I.   PARTIES

1. Plaintiff, TRAVIS B. BEATTY, is an adult citizen of the United States, is a citizen of the State of New Jersey, and resides at 235 High Street, Alpha Borough, Warren County, New Jersey, and at all times relevant herein has been lawfully married to Plaintiff, JOY BEATTY.

2. Plaintiff, JOY BEATTY, is an adult citizen of the United States, is a citizen of the State of New Jersey, and resides at 235 High Street, Alpha Borough, Warren County, New Jersey, and at all times relevant herein has been lawfully married to Plaintiff, TRAVIS B. BEATTY.

3. Defendant, PEAR K. SMITH, is an adult citizen of the United States, is a citizen of the Commonwealth of Pennsylvania, and resides at 322 Yorkshire Drive, City of Lancaster, Lancaster County, Pennsylvania.

4. Defendant, BEVERLY COLL, is an adult citizen of the United States, is a citizen of the Commonwealth of Pennsylvania and resides at 62 Misty Meadows Road, West Cocalico Township, Lancaster County, Pennsylvania.

1

## II.   JURISDICTION & VENUE

5. Jurisdiction of this Court is conferred by 28 U.S.C. §1332(a) by virtue of the Parties' diversity of citizenship and the amount in controversy.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## III.   FACTUAL ALLEGATIONS

7. On or about April 14, 2021, at approximately 8:30 p.m., Defendant, PEAR K. SMITH, was the operator of a motor vehicle owned by Defendant, BEVERLY COLL, which was traveling off the Interstate 78 Eastbound Exit Ramp #7, in Bloomsbury Borough, Hunterdon County, New Jersey, when Defendant, PEAR K. SMITH, proceeded through a traffic control device and struck the vehicle being operated by Plaintiff, TRAVIS B. BEATTY.

8. At the same time and location, Plaintiff, TRAVIS B. BEATTY, was the operator of a motor vehicle which was traveling eastbound on State Route 173 in Bloomsbury Borough, Hunterdon County, New Jersey, when Defendant, PEAR K. SMITH, operated the motor vehicle through a traffic control device and struck the vehicle being operated by Plaintiff, TRAVIS B. BEATTY.

9. The above-described occurrence was directly, proximately, legally and substantially caused by the negligence, carelessness, recklessness and/or gross negligence of Defendant, PEAR K. SMITH, in the operation of the motor vehicle as follows:

   a) In failing to keep a careful and diligent watch on the roadway;

   b) In failing to warn Plaintiff of her approach and her operation of the vehicle;

   c) In failing to avoid contact with Plaintiffs' vehicle which was in open view;

   d) In operating the vehicle at an unsafe speed, not allowing adequate reaction time and subsequently crashing into Plaintiffs' vehicle and causing Plaintiff, TRAVIS B. BEATTY, injuries;

   e) In failing to maintain her lane of travel;

   f) In operating the vehicle without regard for the safety, rights and position of Plaintiff, TRAVIS B. BEATTY, as an operator of a motor vehicle on the public roadways

2

by failing to yield the right of way to another vehicle;

    g)    In failing to properly signal the movements of her vehicle;

    h)    In failing to observe a traffic control device;

    i)    In failing to properly observe the weather and accompanying road conditions;

    j)    In operating her vehicle in such a manner so as to cross into Plaintiff's lane of travel; and

    k)    In failing to observe and have due regard to the provisions of the Motor Vehicle Code of the State of New Jersey, specifically:

    (1)    Defendant operated her vehicle unsafely, carelessly and/or recklessly, violations of N.J.S. 39:4-97.2, N.J.S. 39:4-97, and/or N.J.S. 39:4-96, by:

    (aa)    failing to keep a careful and diligent watch on the roadway;

    (bb)    failing to warn another vehicle of her approach;

    (cc)    exceeding the lawful speed limit;

    (dd)    driving too fast for the conditions;

    (ee)    failing to maintain her lane of travel;

    (ff)    failing to avoid contact with another vehicle which was in open view;

    (gg)    operating the vehicle at an unsafe speed, not allowing adequate reaction time and subsequently crashing into another vehicle;

    (hh)    operating her vehicle in such a manner so as to cross into Plaintiff's lane of travel;

    (ii)    failing to observe a traffic control device; and

    (jj)    failing to yield to the right of way to another vehicle.

    (2)    Defendant failed to maintain her lane of travel, a violation of N.J.S. 39:4-88;

    (3)    Defendant failed to yield to the right of way of another vehicle, a violation of N.J.S. 39:4-144 and/or N.J.S. 39:4-90;

    (4)    Defendant operated her vehicle at a speed greater than is reasonable and prudent under the conditions, a violation of N.J.S. 39:4-98;

3

(5) Defendant failed to observe a traffic control device, a violation of N.J.S. 39:4-81; and

(6) Defendant operated her vehicle too closely at a speed greater than would permit her to bring the vehicle to a stop within an assured clear distance, a violation of N.J.S. 39:4-89.

10. The above-described occurrence was directly, proximately, legally and substantially caused by the negligence, carelessness, recklessness and/or gross negligence of Defendant, BEVERLY COLL, in her entrustment of the motor vehicle to Defendant, PEAR K. SMITH, by failing to ensure that she did not operate her motor vehicle in the negligent, careless, reckless and/or grossly negligent manner set forth above.

11. Plaintiff, TRAVIS B. BEATTY, has suffered his injuries as a direct, proximate and legally substantial result of Defendants' conduct, acts and/or omissions as stated herein.

12. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, suffered severe bodily injuries including but not limited to: a right elbow injury requiring surgical repair, an ulnar tear, sprains and strains of his neck, back and shoulder, multiple contusions and abrasions, post-traumatic stress disorder, depression, fear, anxiety and/or other mental and psychic injuries, as a result of which he was rendered sick, sore and disabled, all of which have been to his great financial loss.

13. Plaintiff, TRAVIS B. BEATTY, has sustained personal injuries which meet the requirements of N.J.S. 39:6A-1 *et. seq.*, and controlling law.

14. Plaintiff, TRAVIS B. BEATTY, did not contribute to his injuries or assume the risk of his injuries.

15. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, has suffered in the form of loss of sensory function, loss of motor functions, limitations on range of motion up to the date of the filing of this Complaint, all of which has been to his great financial loss.

16. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, will continue to suffer in the future, in the form of loss of sensory function, loss of motor functions, limitations on range of motion, all of which will be to his great financial loss.

17. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, has suffered in the form of cosmetic damages from scarring and/or misalignment of bones up to the date of the filing of this Complaint, all of which has been to his great financial loss.

18. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, will continue to suffer in the future in the form of cosmetic damages from scarring and/or misalignment of bones, all of which will be to his great financial loss.

19. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, has suffered great physical pain, discomfort and mental anguish up to the date of the filing of this Complaint all of which has been to his great financial loss.

20. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, will continue to suffer great physical pain, discomfort and mental anguish into the future, all of which will be to his great financial loss.

21. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, has been compelled to expend large sums of money for medication, medical assistance, and other necessary treatments and devices in an effort to restore his health up to the date of the filing of this Complaint, all of which has been to his great financial loss.

22. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, will be compelled to expend large sums of money for medication, medical assistance, and other necessary treatments and devices in an effort to restore his health, all of which will be to his great financial loss.

23. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, has suffered a loss of earning power and capacity up to the date of the filing of this Complaint, all of which has been to his great financial loss.

24. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, will suffer a loss of earning power and capacity, all of which will be to his

great financial loss.

25. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, has not been able to pursue and to enjoy the usual activities of life of an individual of Plaintiff's age, and has suffered a loss of enjoyment of life, loss of life expectancy, loss of happiness, and loss of the pleasures of life up to the date of the filing of this Complaint, all of which has been to his great financial loss.

26. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, will not be able to pursue and to enjoy the usual activities of life of an individual of Plaintiff's age, and will suffer a loss of enjoyment of life, loss of life expectancy, loss of happiness, and loss of the pleasures of life throughout the remainder of his life, all of which will be to his great financial loss.

27. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, TRAVIS B. BEATTY, was caused to suffer all of his injuries and damages more fully set forth at length herein.

28. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, JOY BEATTY, has been denied the services, fellowship and consortium of her husband, TRAVIS B. BEATTY, from April 14, 2021, until the present, all of which has been to her great financial loss.

29. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, JOY BEATTY, will continue to be denied the services, fellowship and consortium of her husband, TRAVIS B. BEATTY, all of which will be to her great financial loss.

## IV. CLAIMS FOR RELIEF

### COUNT I

### (v. BEVERLY COLL)

30. Plaintiffs, TRAVIS B. BEATTY and JOY BEATTY, husband and wife, incorporate by reference the allegations contained in paragraphs one through twenty-nine, inclusive, as though same were set forth herein at length.

31. The aforesaid injuries and damages suffered by Plaintiff, TRAVIS B. BEATTY, more fully set forth herein were directly, proximately and legally substantially caused by the negligence, carelessness, gross negligence, recklessness, and/or willful and knowing acts and/or failures to act of Defendant, BEVERLY COLL.

32. The aforesaid acts of negligence, carelessness, gross negligence, recklessness, willful and knowing acts and/or failures to act by Defendant, BEVERLY COLL, created a high degree of risk of harm to Plaintiff, TRAVIS B. BEATTY, which harm, in fact, did occur as set forth herein.

WHEREFORE, Plaintiff, TRAVIS B. BEATTY, respectfully requests that:

(a) This Court award compensatory damages in his favor and against Defendant, BEVERLY COLL, in an amount be proved at trial;

(b) This Court award the Plaintiffs punitive damages for Defendant, BEVERLY COLL's, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award Plaintiff reasonable attorney's fees and costs of suit; and

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT II

## (LOSS OF CONSORTIUM)

33. Plaintiffs, TRAVIS B. BEATTY and JOY BEATTY, husband and wife, incorporate by reference the allegations contained in paragraphs one through thirty-two, inclusive, as though same were set forth herein at length.

34. Plaintiff, JOY BEATTY, is lawfully married to Plaintiff, TRAVIS B. BEATTY.

35. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, JOY BEATTY, has been denied the services and consortium of her husband, TRAVIS B. BEATTY, from the time of the occurrence set forth herein up until the present, all which has been to her great financial loss.

36. As a direct, proximate and legally substantial result of the above-described occurrences, Plaintiff, JOY BEATTY, will continue in the future to be denied the services and consortium of her husband,

TRAVIS B. BEATTY, all of which will be to her great financial loss.

WHEREFORE, Plaintiff, JOY BEATTY, respectfully requests that:

(a) This Court award Plaintiff, JOY BEATTY, compensatory damages in her favor and against all Defendants herein in an amount be proved at trial;

(b) This Court award Plaintiff, JOY BEATTY, punitive damages for Defendants' gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award Plaintiff, JOY BEATTY, reasonable attorney's fees and costs of suit; and

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT III

### (v. JOHN DOE)

37. Plaintiffs, TRAVIS B. BEATTY and JOY BEATTY, husband and wife, incorporate by reference paragraphs one through thirty-six, inclusive, as though same were set forth herein at length.

38. Plaintiffs, TRAVIS B. BEATTY and JOY BEATTY, husband and wife, hereby plead a Count against JOHN DOE, a fictitious entity, to temporarily suffice for the presently unknown identities of other defendant parties who/which, are deemed to include corporations, partnerships, any other business organizations and/or any and all other individuals who/which may have played any role whatsoever in contributing to the injuries and damages more specifically described herein.

39. At such time as the identities of such fictitiously pleaded defendants are ascertained, Plaintiffs, TRAVIS B. BEATTY and JOY BEATTY, husband and wife, shall seek leave to amend this Complaint so as to substitute the actual names of said parties for the fictitious names set forth herein.

40. Plaintiffs, TRAVIS B. BEATTY and JOY BEATTY, husband and wife, attribute each and every intentional act and/or act of negligence and damages alleged against the named defendants hereto to those who are fictitiously pleased as if they were more specifically set forth in their entirety.

8

WHEREFORE, Plaintiffs, TRAVIS B. BEATTY and JOY BEATTY, husband and wife, respectfully request that:

(a) This Court award Plaintiffs, TRAVIS B. BEATTY and JOY BEATTY, husband and wife, compensatory damages in their favor and against Defendant, JOHN DOE, in an amount be proved at trial;

(b) This Court award Plaintiffs, TRAVIS B. BEATTY and JOY BEATTY, husband and wife, punitive damages for Defendant, JOHN DOE, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award Plaintiffs, TRAVIS B. BEATTY and JOY BEATTY, husband and wife, reasonable attorney's fees and costs of suit; and

(d) This Court award such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs, TRAVIS B. BEATTY and JOY BEATTY, husband and wife, hereby demand a trial by jury.

WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.

/s/ *SCOTT M. WILHELM*
SCOTT M. WILHELM, ESQ.
305 Roseberry Street, P.O. Box 800
Phillipsburg, New Jersey 08865
Telephone: (908) 454-3200
Facsimile: (908) 454-3322
wilhelms@wwgrlaw.com
*Attorney for Plaintiffs*

Dated: February 22, 2023